1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HAROLD  L. ARMSTRONG,

11           Plaintiff,                    No. CIV S-06-0034 DFL GGH P

12        vs.

13   D.L. RUNNELS, Warden, et al.,

14           Defendants.                ORDER

15   _____/

16           Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20           Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22           Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1   and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2   plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3           The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16          A complaint, or portion thereof, should only be dismissed for failure to state a

17  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

19  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

20  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

21  a complaint under this standard, the court must accept as true the allegations of the complaint in

22  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

23  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

24  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25          By order filed on February 2, 2006, the court provided plaintiff, incarcerated at

26  High Desert State Prison, with the forms to file a civil rights action and to request in forma

1   pauperis status because plaintiff had sent a letter wherein he complained, rather generically,

2   about medical treatment, seeking relief "against all medical personnel at this facility."  On the

3   complaint form he has subsequently filed, but failed to sign, plaintiff identifies the defendants in

4   this fashion: "a female med. professional" employed as "intake doctor (RN) in the reception

5   center at "(HDSP) intake reception building" and as additional defendants: "all medical staff that

6   I had contact with between 12/6 and January 10, 2006 and the R/C sargent [sic] that was on duty

7   on 12/6/05 about 1100 hrs," apparently the time of plaintiff's arrival at High Desert State Prison

8   from Shasta County Jail.   Form Complaint, pp. 2-3.

9           Plaintiff alleges that on December 6, 2005 (before 1200 hours), as plaintiff

10  processed through R&R, that the unidentified duty nurse (or physician) assured plaintiff that he

11  would receive 2 mg. of Lomatil or Imodium four times daily, as well as a monthly B-12

12  injection. Id., at 3.  Plaintiff also claims to need an antibiotic for some sort of increasing

13  inflamation; he also makes an unclear reference to a painful left shoulder, about which he had

14  complained in Shasta County Jail.  Id.

15          As to the unnamed (R/C[1]) sergeant, plaintiff reports the following exchange (id.):

16          Sergeant: "What is your name, Armstrong?"
            Plaintiff: "Ol' Stinky, Sir!"
17          Sergeant: "Who gave you that name?"
            Plaintiff: "You did, Sir."
18          Sergeant: "And don't you forget it!"
            Plaintiff: "No, Sir."

19

20  After relating this brief exchange, plaintiff articulates no specific allegation against the unnamed

21  sergeant.  Plaintiff seeks injunctive and declaratory relief.  It is unclear whether or not he asks for

22  money damages.

23          After filing his complaint, plaintiff later filed a document he entitled "complaint

24  medical indifference," by which he sought to supplement his complaint, which at least clarifies,

25  _____

26          [1]  Plaintiff does not state what "R/C" is an abbreviation for.

1   in passing, that he does seek money damages as well, but the sole purpose of which is intended to

2   demonstrate, by means of plaintiff's hand-written copy of a Director's Level appeal decision,

3   dated March 29, 2006, that plaintiff, at least by that time, had exhausted his administrative

4   remedies.

5              Plaintiff's allegations do not meet the very liberal standards of Rule 8 of the

6   Federal Rules of Civil Procedure.  Fed. R. Civ. P. 8 sets forth general rules of notice pleading in

7   the Federal Courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002).

8   Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2)

9   a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the

10  relief plaintiff seeks.  Rule 8 requires only "sufficient allegations to put defendants fairly on

11  notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

12             Plaintiff has insufficiently identified the parties whom he intends to sue.  The

13  court cannot direct the U.S. Marshal to serve process upon unnamed individuals.  Nor could the

14  defendants, even had they been named, be said to have been put fairly on notice of the claims

15  against them based on these allegations.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99,

16  102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir.

17  1995) (amended complaint with vague and scanty allegations fails to satisfy the notice

18  requirement of  Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed.

19  1990).

20             Plaintiff states that an unnamed employee assured plaintiff he would receive

21  certain medication.  He does not state whether or not he ever received such medication or how

22  any prescription for such medication is for a serious medical condition to which the unnamed

23  defendant has been deliberately indifferent such that plaintiff has been subjected to a

24  constitutional deprivation under the Eighth Amendment.  In order to state a § 1983 claim for

25  violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts

26  or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."

4

1  Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  To prevail, plaintiff must show

2  both that his medical needs were objectively serious, and that defendants possessed a sufficiently

3  culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991);

4  McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind

5  for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct.

6  995, 998 (1992).

7          A serious medical need exists if the failure to treat a prisoner's condition could

8  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

9  that a prisoner has a serious need for medical treatment are the following:  the existence of an

10  injury that a reasonable doctor or patient would find important and worthy of comment or

11  treatment; the presence of a medical condition that significantly affects an individual's daily

12  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

13  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

14  (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

15  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  Plaintiff's

16  claims seeking to allege constitutionally inadequate medical care and linked to no named

17  individual will be dismissed, but plaintiff will be granted leave to amend.

18          As to his exchange with the unnamed sergeant, plaintiff does not even set forth an

19  allegation.  To the extent that plaintiff anticipates that the court will infer that plaintiff has been

20  subjected to a constitutional deprivation based on the conversation above, nothing therein rises to

21  such a level.  Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v.

22  Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).   This claim, to the extent that it is intended to be

23  one, is dismissed with leave to amend.

24          Finally, plaintiff must incorporate all of his claims within one amended complaint,

25  rather than separately file additional allegations or supplements thereto.  See E.D. Local Rule 15-

26  220.  He must also sign his amended complaint.  Fed. R. Civ. P. 11(a).

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

4    how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

5    there is some affirmative link or connection between a defendant's actions and the claimed

6    deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

7    1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

8    allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

9    of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

11    order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

12    amended complaint be complete in itself without reference to any prior pleading.  This is

13    because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

14    Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

15    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

16    original complaint, each claim and the involvement of each defendant must be sufficiently

17    alleged.

18    In accordance with the above, IT IS HEREBY ORDERED that:

19    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

20    2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

21    The fee shall be collected and paid in accordance with this court's order to the Director of the

22    California Department of Corrections and Rehabilitation filed concurrently herewith.

23    \\\\\

24    \\\\\

25    \\\\\

26    \\\\\

1          3.  Both the complaint, filed on February 16, 2006, and the supplement or

2    amendment to the complaint, filed on April 12, 2006, are dismissed for the reasons discussed

3    above, with leave to file an amended complaint within thirty days from the date of service of this

4    order.  Failure to file an amended complaint will result in a recommendation that the action be

5    dismissed.

6    DATED:    5/30/06

7                                                                    /s/ Gregory G. Hollows

                                                                    _____
8                                                                    GREGORY G. HOLLOWS
                                                                    UNITED STATES MAGISTRATE JUDGE

9    GGH:009
     arms0034.bnf

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26